Dear Mr. Mayer:
On behalf of the Department of Social Services, you have requested an opinion of this office regarding the legal authority of the Department of Social Services to collect and use certain information for statistical and planning purposes from private service contractors which have entered into contracts with the Department. More specifically, you ask whether the Department of Social Services can collect the following information from these contractors: 1) the minority status of the provider; 2) whether the provider is faith-based; and 3) whether the provider is community-based.
It is widely held as acceptable practice for state and federal governments to ask for the minority status of employees, applicants, and other entities that contract or enter into agreements with government bodies. In your particular situation, because inquiring on the minority status of the provider will not take place until after the private service contract has been awarded, asking the minority status for statistical and planning purposes would not appear to be prohibited by any state or federal discrimination laws.
While there is a great deal of case law concerning the validity of faith-based initiatives, our office has been unable to find any cases that deal with the collection of data of such entities, nor of community-based services. Many faith-based and community-based services are approved and supported at the state level, through departments such as yours, and information on how such data is collected is scarce. However, as part of the newly created White House Office of Faith-Based and Community Initiatives, President George W. Bush signed an executive order mandating that any such state or local agency shall:
 ". . . implement new policies that are necessary to ensure that their respective agencies collect data regarding the participation of faith-based and community organizations in social service programs that *Page 2 
receive federal financial assistance" (George W. Bush, Executive Order No. 13279, 2002.
That executive order establishes that the various state agencies that dole out federal assistance and social service funds collect data on faith-based and community services, but it provides little direction in how to do so. More information can be gleaned from analyzing the White House's annual report on Grants to Faith-Based Organizations, Fiscal Year 2005). On the final page of this report, released March 9, 2006, the report states:
 "In compiling this data, the Federal agencies made good-faith efforts to identify FBO's based on information gathered from a variety of sources, including an optional survey distributed with federal grant applications . . . While the self-identification method was the preferred approach to identifying FBO's, it was not the only method used. In cases in which applicants did not fill out the surveys, agencies relied on other methods of identification, such as administrative reports, web sites, and phone inquiries."
In essence, asking private service contractors to provide faith-based and community service information does not seem to run contrary to law. It would be more acceptable in your matter to ask on a voluntary basis, much as how the White House and federal agencies have done for the above yearly report. The fact that your office will not ask for such information until the private service contract with your department is already finalized will safeguard the State against any potential accusations of bias or discrimination and still permit the Department of Social Services to effectively carry out its goal of data collection for statistical and planning purposes.
We trust this adequately responds to your request. If you have any questions or comments, please do not hesitate to contact our office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: ______________________
 CHARLES BRAUD
 Assistant Attorney General